IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| BRANDON MCGRAW, | ) | |
|           Plaintiff, | ) | 2023-CV-10 |
| v. | ) | ACTION FOR DAMAGES |
| R&B SALES AND MARKETING, INC., | ) | JURY TRIAL DEMANDED |
|           Defendant. | ) | |

## COMPLAINT

Plaintiff Brandon McGraw complains as follows:

### THE PARTIES AND JURISDICTION

1. This is an action for employment discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) et seq., and the Virgin Islands Civil Rights Act.

2. Brandon McGraw is a citizen of Georgia.

3. Defendant R&B Sales and Marketing, Inc. ("R&B") is a Delaware corporation with its principal place of business in Anderson, South Carolina. R&B has more than 15 employees and is an employer within the meaning of the ADA.

4. This action arises under the ADA, a federal statute. Therefore, this court has subject matter jurisdiction under 28 U.S.C. § 1331. This court has supplemental jurisdiction over McGraw's claim for violations of the Virgin Islands Civil Rights Act under 28 U.S.C. § 1967(a).

5. McGraw has performed all conditions precedent to the filing of this action, including the timely filing of charges of discrimination with the Equal Employment Opportunity Commission, and the filing of this action within 90 days of the receipt of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

6. R&B distributes and markets power tools sold at Home Depot and other retailers.

7. On January 14, 2022, R&B hired McGraw as a Senior Regional Manager.

8. R&B assigned McGraw to work at a Home Depot store on St. Croix, Virgin Islands. McGraw was responsible for arranging displays of R&B's merchandise.

9. On February 11, 2022, R&B fired McGraw after learning that he had a frozen left shoulder that restricted his ability to raise his left arm above his head. A frozen shoulder is a condition involving the thickening and contracting of the muscles surrounding the shoulder joint.

10. In firing McGraw, R&B told him that it could not accommodate the restriction related to his shoulder because he needed to raise both of his arms above his head to arrange merchandise.

11. However, McGraw never requested, nor did he need, an accommodation to perform the essential functions of his job. McGraw's shoulder condition did not prevent him from arranging merchandise or performing any of his job duties effectively and safely, and he was under no medical restrictions of any kind.

## FIRST CLAIM FOR RELIEF
### (Violation of the ADA, 42 U.S.C. § 12112(a))

12. McGraw repeats and reallages paragraphs 1-11, above.

13. McGraw was an employee of R&B within the meaning of 42 U.S.C. § 12111(4).

14. McGraw is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he was capable of performing the essential functions of his job.

15. The ADA prohibits an employer from discharging a qualified individual on the basis of a disability. 42 U.S.C. § 12112(a).

16. Under the ADA, as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). An individual is regarded as having an impairment if he has been subjected to an adverse employment action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3).

17. On February 11, 2022, R&B terminated McGraw because it regarded him as having a physical impairment to his left shoulder.

18. The shoulder impairment that R&B perceived was not objectively transitory and minor. A frozen shoulder limits range of motion and lifting ability, and the condition can persist for years. McGraw was diagnosed about a year before he was hired.

19. As a result of R&B's violation of the ADA, McGraw suffered a loss of back pay, a loss of front pay, and compensatory damages, including damages for mental and emotional pain and suffering.

20. R&B's actions in firing McGraw for a perceived disability were willful, wanton and malicious, entitling him to an award of punitive damages.

## SECOND CLAIM FOR RELIEF
### (Violation of the Virgin Islands Civil Rights Act, 10 V.I.C. §64)

21. McGraw repeats and realleges paragraphs 1-20, above.

22. The Virgin Islands Civil Rights Acts prohibits an employer from firing an employee because of a disability.

23. R&B fired McGraw solely because it perceived that he had a disability related to the range of motion in his left shoulder. McGraw's alleged disability did not prevent him from performing the essential functions of his job of arranging merchandise at Home Depot.

24. As a result of R&B's violation of the Virgin Islands Civil Rights Act, McGraw suffered a loss of back pay, a loss of front pay, and compensatory damages, including damages for mental and emotional pain and suffering.

25. R&B's actions in firing McGraw because of his perceived disability were willful, wanton and malicious, entitling him to an award of punitive damages.

WHEREFORE, McGraw asks for the following relief: compensatory damages and punitive damages according to proof, and attorneys' fees, costs and all other expenses incurred in bringing this action.

**COLIANNI & LEONARD LLC**
Attorneys for Brandon McGraw

DATED: March 3, 2023     By:  /s/Vincent Colianni II
                              Vincent Colianni II, V.I. Bar #768
                              Marina Leonard, V.I. Bar #R2058
                              2120 Company Street
                              Christiansted, VI 00820
                              Telephone: (340) 719-1766
                              Facsimile: (340) 719-1770